ROBERTS CONE MFG. CO. et al. v. BRUCKMAN et al.

(Circuit Court of Appeals, Eighth Circuit.  February 10, 1919.)

No. 5310.

1. APPEAL AND ERROR ⚖=671(1)—REVIEW—QUESTIONS PRESENTED FOR RE-
VIEW.
     Only errors that properly appear on the record in the appellate court
are reviewable.

2. APPEAL AND ERROR ⚖=688(1)—REVIEW—QUESTIONS PRESENTED.
     Where appellants pointed out no place in the record before the Circuit
Court of Appeals where the terms of their special appearance and objec-
tions to the District Court's jurisdiction were set forth, and the record
showed no motion by appellants in the District Court to transfer the case
to the law side, or objection or exception to the ruling thereon, their
motion to direct the court below to reverse its decree and transfer the case
to the law side should be denied.

Appeal from the District Court of the United States for the West-
ern District of Missouri;  Joseph W. Woodrough, Judge.

Bill by Frederick A. Bruckman and others against the Roberts Cone
Manufacturing Company and others.  Decree for complainants, and
defendants' motion to direct the court below to reverse its decree
and transfer the case to the law side of the court was denied.  On mo-
tion for rehearing of the motion to direct the court below to reverse
its decree, etc.  Motion for rehearing denied.

Toulmin & Toulmin, of Dayton, Ohio, and Culver & Philip, of St.
Joseph, Mo. (H. A. Toulmin, of Dayton, Ohio, of counsel), for appel-
lants.

Albert E. Dieterich, of Washington, D. C., for appellees.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

SANBORN, Circuit Judge.  [1, 2]  The motion to direct the court
below to reverse its decree and transfer this case to the law side of
that court was denied, because the record did not disclose that a prop-
er motion or objection or exception to a ruling of the District Court
on the subject was made in that court, and it was too late to make such
objection or motion in this court.  The motion to direct the District
Court to reverse its decree and to transfer this case to the law side of
the court was submitted to this court on printed briefs, in which no
specification or reference to any part of the record before this court
was made, wherein the facts appeared that the appellants had made a
motion in the District Court to transfer this case to the law side of
that court, or had made any objection to the trial of this case in equity
in that court, on the ground that it was triable at law only, or that
the court had overruled any such objection or motion, or that any
exception had ever been taken in that court to any such ruling therein.
The appellees, in their answering brief on the motion to direct the re-
versal, asserted that at no time during the trial below did the appel-
lants object to the jurisdiction of the District Court in equity or move
for a jury trial, or for a transfer of the case to the law side.  The

appellants made no denial of that assertion. This court did not discover in the records here any recital of such an objection or motion, or of any ruling of the District Court thereon, or of any exception to such a ruling, and the defendants have not now, in their motion for a rehearing or in their argument upon it, pointed out any place in the record in this court where such a motion or objection or ruling or exception appears. They allege in their printed argument for rehearing that they made a special appearance, under which they could raise any questions which they desired without consent to the jurisdiction of the court below, and that at that time they raised the question of the District Court's jurisdiction in equity by oral argument and written brief; but they point out no place in the record before this court where the terms of such special appearance, the objections specified therein, the motion to transfer to the law side, or the argument or written brief to which they refer, are set forth. Hence none of these can be considered, for those errors that properly appear upon the record in this court, and those only, are reviewable here.

The transcript of the record in this case has not been prepared and printed in accordance with the rules in equity and the rules of this court. Rule 75 in equity (198 Fed. xl, 115 C. C. A. xl); rule 23, Circuit Court of Appeals (188 Fed. xv, 109 C. C. A. xv).

The motion to direct the District Court to reverse its decree and to transfer this case to the law side of the court was an attempt to secure a decision upon one of many specifications of error before the transcript was properly prepared or printed, and thereby to evade the rules and to try this case in this court piecemeal.

Let the motion for rehearing be denied.